NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

MAY 22 2025

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

KURT MCLEOD, an individual,

Plaintiff - Appellant,

v.

ZERO GRAVITY MANAGEMENT, an
unknown business entity; MARK
WILLIAMS, an individual; ERIC
WILLIAMS, an individual,

Defendants - Appellees.

No. 24-3266

D.C. No.
2:22-cv-01547-FWS-AGR

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Fred W. Slaughter, District Judge, Presiding

Argued and Submitted May 13, 2025
Pasadena, California

Before: OWENS, BENNETT, and H.A. THOMAS, Circuit Judges.

Plaintiff Kurt McLeod appeals the district court's judgment in favor of

Defendants Zero Gravity Management, Mark Williams, and Eric Williams.

McLeod, a screenwriter, argues that Mark and Eric Williams were his personal

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

managers under an oral representation agreement, that the Williamses breached their contractual and fiduciary duties to him under California law, and that he suffered damages as a result. We have jurisdiction under 28 U.S.C. § 1291. "We review an order granting summary judgment de novo, 'viewing the evidence in the light most favorable to the non-moving party and drawing all reasonable inferences in its favor.'" *Schrader Cellars, LLC v. Roach*, 129 F.4th 1115, 1122 (9th Cir. 2025) (quoting *Bell v. Wilmott Storage Servs., LLC*, 12 F.4th 1065, 1068 (9th Cir. 2021)). We affirm in part, vacate in part, and remand.

1.      Although we agree with the district court that Mark and Eric Williams were not parties to the 2011 written representation agreement between McLeod and Zero Gravity Management, we hold that the district court erred by concluding as a matter of law that the Williamses were not parties to the oral representation agreement that followed. McLeod presented evidence from which a reasonable jury could find that the Williamses were parties to the oral agreement and served as McLeod's personal managers under the terms of that agreement. This evidence included McLeod's testimony that Mark Williams told him that he was his manager, McLeod's testimony that he and Mark Williams discussed Mark Williams's dual role as manager and producer, Mark Williams's listing as a manager on the Writers Guild of America website, and evidence that Mark Williams conducted himself as a manager. On this record, summary judgment was

inappropriate. *See SEC v. M & A W., Inc.*, 538 F.3d 1043, 1055 (9th Cir. 2008) ("[S]ummary judgment is singularly inappropriate where credibility is at issue. Only after an evidentiary hearing or a full trial can these credibility issues be appropriately resolved." (quoting *SEC v. Koracorp Indus., Inc.*, 575 F.2d 692, 699 (9th Cir. 1978))).

2. The district court also erred by concluding as a matter of law that McLeod could not prove the fact of damage. It is undisputed that Defendants failed to inform either McLeod or his attorney, Matthew Sugarman, that the budget to produce McLeod's screenplay increased from an estimated range of $2 million to $10 million to over $43.5 million. McLeod's expert, David Ginsburg, testified that Defendants should have disclosed these increases, used the leverage created by the last-minute chain of title issue to renegotiate McLeod's compensation, placed McLeod's interests ahead of their own, and tapped into their own producer fees, if necessary, to ensure that McLeod was fairly compensated.[1] He estimated that these efforts could have earned McLeod several hundred thousand dollars in additional compensation. Sugarman also believed that McLeod's compensation was "below market." We recognize the possibility that McLeod would not have sought or

---

[1] McLeod contends that defense expert Alan Gasmer's deposition testimony corroborates Ginsburg's testimony, but Gasmer's testimony is not part of the summary judgment record, and "[o]ur review is limited to the record presented to the district court at the time of summary judgment." *Lippi v. City Bank*, 955 F.2d 599, 604 (9th Cir. 1992).

obtained additional compensation even had he known of the increased budget, but when ruling on a motion for summary judgment "all justifiable inferences are to be drawn in [the non-moving party's] favor." *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010).

McLeod's evidence that he suffered damage was also sufficient as a matter of California law. Although "[a] plaintiff cannot recover damages based upon speculation or even a mere possibility that the wrongful conduct of the defendant caused the harm," the evidence is sufficient where, as here, it "rise[s] to the level of a reasonable probability based upon competent testimony." *Service Emps. Int'l Union, Loc. 250 v. Colcord*, 72 Cal. Rptr. 3d 763, 772 (Ct. App. 2008) (quoting *Williams v. Wraxall*, 39 Cal. Rptr. 2d 658, 665 (Ct. App. 1995)).

3.    We reject Defendants' argument that the terms of the oral representation agreement were too indefinite to be enforced. Where, as here, "the actions of the parties . . . show conclusively that they have intended to conclude a binding agreement, even though one or more terms are missing or are left to be agreed upon[,] . . . courts endeavor, if possible, to attach a sufficiently definite meaning to the bargain." *Restatement (Second) of Contracts* § 33 cmt. a (Am. L. Inst. 1981); *accord Moncada v. W. Coast Quartz Corp.*, 164 Cal. Rptr. 3d 601, 608 (Ct. App. 2013). Where an oral representation agreement is concerned, missing

terms may be supplied by "entertainment industry custom and usage." *Howard Ent., Inc. v. Kudrow*, 146 Cal. Rptr. 3d 154, 164 (Ct. App. 2012).

4.     The district court properly granted summary judgment to Defendants on McLeod's fraud claims arising from the chain of title issue. McLeod points to no evidence suggesting that Mark Williams raised the chain of title issue. There was nothing false or improper about Mark Williams obtaining shared "story by" credit for the screenplay. And McLeod points to no evidence to suggest that Eric Williams misrepresented the financial consequences of the credit-sharing agreement.

5.     We deny McLeod's request for judicial notice, Docket No. 34, because it is unnecessary to take judicial notice of documents that are part of the district court record. *See Japanese Vill., LLC v. Fed. Transit Admin.*, 843 F.3d 445, 454 (9th Cir. 2016). We instead construe McLeod's motion for judicial notice as a submission of further excerpts of record, and the documents are deemed filed on that basis. *See* 9th Cir. R. 30-1.2(c).

6.     We deny Defendants' motion to strike, Docket No. 37, because Defendants' contention that McLeod has presented new arguments on appeal is without merit. Our review of the record shows that McLeod has consistently argued that the oral representation agreement was separate from, rather than a continuation of, the written representation agreement. Indeed, Defendants

expressly conceded this point at the summary judgment hearing. Similarly, McLeod has consistently maintained that the terms of the oral agreement were supplied by entertainment industry custom and practice.

To conclude, we hold that the district court properly granted summary judgment to Defendants on McLeod's fraud claims arising from the chain of title issue but erred by granting summary judgment on McLeod's claims for breach of contract, breach of fiduciary duty, and breach of the implied covenant of good faith and fair dealing.

**AFFIRMED IN PART**, **VACATED IN PART**, and **REMANDED**.[2,3]

---

[2] Defendants shall bear the costs associated with this appeal. *See* Fed. R. App. P. 39(a)(4).

[3] The motions at Docket No. 34 and Docket No. 37 are **DENIED** for the reasons stated above.

24-3266